**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **HEATHER FICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11 CV 229** |
| | ) | |
| **AMERICAN ACCEPTANCE** | ) | |
| **COMPANY, LLC, and BOWMAN,** | ) | |
| **HEINTZ, BOSCIA & VICIAN, P.C..** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER AND OPINION**</u>

On June 3, 2011, plaintiff Heather Fick filed complaint against defendants alleging violations of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). (DE # 1.) Defendants have now moved to dismiss plaintiff's complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. **(**DE # 9.) For the following reasons, that motion is **GRANTED**.

## I.    FACTUAL BACKGROUND

The facts in plaintiff's complaint are very concise. On April 28, 2011, defendant Bowman, Heintz, Boscia & Vician, P.C. **("Bowman")** filed a complaint against plaintiff in St. Joseph County Circuit Court, on behalf of defendant American Acceptance Company ("AAC"), in an attempt to collect a debt from plaintiff. (*See* DE # 1.) AAC is not a licensed collection agency in Indiana. (*Id.*)

## II.    LEGAL STANDARD

Defendants have moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving . . . 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011) (quoting *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

For purposes of deciding defendants' RULE 12(b)(6) motion, the court accepts plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## III.    ANALYSIS

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

The FDCPA therefore prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means" and "unfair or unconscionable means" while collecting or attempting to collect any debt. *Id.* §§ 1692e & 1692f.[1]

Plaintiff alleges that when Bowman filed a lawsuit against plaintiff on behalf of AAC, which was not licensed as a collection agency in the state of Indiana as required by IND. CODE § 25-11-1-7, both defendants violated 15 U.S.C. §§ 1692d , 1692e, and 1692f. (DE # 1.) IND. CODE § 25-11-1-7(a) states that "[i]t is unlawful for any person to conduct, within this state, a collection agency without first having applied for and obtained a license under the provisions of this chapter." A violation of that provision constitutes a Class B Misdemeanor. IND. CODE § 25-11-1-12(a). However, defendants argue, and plaintiff agrees, that IND. CODE § 25-11-1 does not provide a potential plaintiff with a private right of action. *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1027 n.12 (Ind. Ct. App. 2005).[2]

### A. Section 1692d

Plaintiff first asserts that defendants violated 15 U.S.C. § 1692d by filing suit against her without being licensed in Indiana as a collection agency. (DE # 1.) Section 1692(d) prohibits a debt collector from engaging in "any conduct the natural

---

[1] Defendants do not dispute plaintiff's claim that they were operating as debt collectors as defined by 15 U.S.C. 1692a(6). Defendants also do not dispute that plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) or that the debt at issue in the state court lawsuit was a debt as defined by 15 U.S.C. § 1692a(5).

[2] Defendants make no argument that the state law either does not cover them or was not violated in this case.

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Defendants moved to dismiss plaintiff's entire complaint. (DE ## 9, 10.) In their brief in support of their motion to dismiss, defendants argue that conduct that violates state law does not constitute a violation of the FDCPA. (DE # 10 at 2; *see also* DE # 12 at 2.) In her response and surreply briefs to defendants' motion to dismiss, plaintiff does not make any argument that a violation of state licensing law constitutes a violation of Section 1692d. (DE ## 11, 15.) In those briefs, plaintiff instead develops arguments as to why a state law violation can constitute a violation of the FDCPA under Sections 1692e and 1692f. (DE ## 11, 15.)

The court will not develop legal arguments for plaintiff. "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986). "'[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.'" *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). In this case, plaintiff was aware that defendant sought to dismiss her entire complaint and she failed to put forth any argument as to why her claim under Section 1692d should not be dismissed. Therefore, plaintiff's Section 1692d claim will be dismissed.

**B. Section 1692f**

Plaintiff also asserts that defendants violated Section 1692f. (DE # 1.) That provision prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Plaintiff's argument that Section 1692f applies in her case is limited to one paragraph in her response brief. (DE # 11 at 4.)

Defendants argue that Seventh Circuit precedent forecloses the argument that the FDCPA applies in this case.[3] Defendants cite to *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). In that case, the defendant, a debt collector, filed suit against the plaintiff in state court in an attempt to collect a debt owed by the plaintiff. *Id.* at 472. The plaintiff subsequently filed a suit in federal court alleging that the defendant violated Section 1692(f) by serving a citation that froze her bank account for several weeks. *Id.* at 473. The plaintiff argued that the Social Security Act and Illinois state law provided the basis for determining what was "unfair" or "unconscionable" under Section 1692f. *See id.* at 473-74. The Seventh Circuit rejected that argument:

> § 1692f creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause. If the [defendant] violated the Social Security Act, that statute's rules should be applied. Likewise if the [defendant] violated Illinois law. Section 1692f does

---

[3] In their motion to dismiss, defendants do not differentiate between the different sections of 1692. Defendants argument is that alleged state law violations do not create liability under the FDCPA. (*See* DE # 10 at 2-5; DE # 12 at 2-3.) Plaintiff responds by arguing that violations of state law can constitute violations of Sections 1692e and 1692f of the FDCPA.

not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

*Id.* at 474.

Plaintiff's claim here is that defendants violated Section 1692f when they filed a lawsuit in state court without being licensed as required by IND. CODE 25-11-1-7. (DE # 1.) Because Section 1692f is not a "piggyback jurisdiction clause[,]" plaintiff cannot use its prohibition on using "unfair or unconscionable means" to collect debts as an enforcement mechanism for Indiana's state licensing law. *Beler*, 480 F.3d at 474. Plaintiff's claim under 15 U.S.C. § 1692f must therefore be dismissed.

### C. Section 1692e

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(5) specifically prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). As plaintiff notes in her surreply brief, her primary argument is that "filing an illegal lawsuit is tantamount to threatening to take action that cannot legally be taken and therefore a violation of 15 U.S.C. § 1692e." (DE # 15 at 1; *see also* DE # 11 at 3 ("The filing of this lawsuit was a false representation that the lawsuit was an action that could legally be taken.").)[4]

---

[4] To the extent that plaintiff is also arguing that the filing of state court lawsuit was a false representation and therefore a violation of Section 1692e (as opposed to Section 1692e(5)), the court notes that plaintiff does not cite any cases indicating that the filing of a lawsuit constitutes a representation that a party is licensed by a state. *See Fausset v. Mortg.*

Defendants argue that violations of state law cannot create liability under the FDCPA. (DE # 10 at 2-5; DE # 12 at 2-3.) Defendants cite several cases, including two from the Seventh Circuit, in support of this argument. (DE # 10 at 2-4.) However, neither of these Seventh Circuit cases hold that a violation of state law cannot create liability under Section 1692e. *Beler*, 480 F.3d at 473-74 (discussing the applicability of Section 1692e to documents filed in state court); *Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285, 287 (7th Cir. 2005) (discussing, without deciding, the applicability of the FDCPA to state law).

Defendants also cite several district court cases in making their argument that a violation of state law cannot create liability under the FDCPA. (DE # 10 at 2-5.) Defendants' position is that a violation of state law may never form the basis for a violation of the FDCPA. (*See id.*; DE # 12 at 2.) However, the court believes that when, as here (and unlike Section 1692f), there is no Seventh Circuit precedent that is dispositive on the issue of whether a state law violation can form the basis of a Section 1692e claim, the best approach, an approach taken by numerous district and appellate courts, is to determine if the alleged violation of state law is also a violation of the FDCPA. *See, e.g.*, *Leblanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189-99 (11th Cir. 2010);

---

*First, LLC*, No. 4:09-CV-42, 2010 WL 987169, at *4 (N.D. Ind. Mar. 12, 2010) ("Plaintiff has failed to provide this Court with, and the Court's own research does not reveal, case law indicating that the mere filing of a lawsuit constitutes a misrepresentation that a party is licensed in the state."). Additionally, plaintiff has not argued that the filing of the state court lawsuit in this case constituted "false, deceptive, or misleading . . . means in connection with the collection of any debt." 15 U.S.C. § 1692e. As noted above, the court will not make legal arguments for a party. *Miller*, 792 F.2d at 703.

*Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099-1101 (9th Cir. 1996); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 729 (D. Md. 2011); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 207-09 (E.D.N.Y. 2009); *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1302 (M.D. Fla. 2001).

By its plain language, Section 1692e(5) does not prohibit the taking of an action that cannot legally be taken. It only prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Some courts, including those within the Seventh Circuit's purview, have held that Section 1692e(5) prevents the threat of illegal actions but not the illegal actions themselves. *See, e.g., Cox v. Hilco Receivables, LLC*, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010); *Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005); *Wehrheim v. Secrest*, No. IP 00-1328-C-T/K, 2002 WL 31242783, at *4-5 (S.D. Ind. Aug. 16, 2002) (Tinder, J.); *Clark v. Pollard*, IP 99–1414–C H/G, 2000 WL 1902183, at *3 (S.D. Ind. Dec. 28, 2000) (Hamilton, J.). Other courts have held that Section 1692e(5) prohibits both the threat of illegal action and the illegal action itself. *See, e.g., Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350-51 (5th Cir. 1997); *Bradshaw*, 765 F. Supp. 2d at 729-30; *Harrington v. CACV of Colo., LLC*, 508 F. Supp. 2d 128, 136-137 (D. Mass. 2007); *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246-47 (W.D. Wash. 2006).

When reviewing a federal statute, "[t]he plain language of the statute [is] the best indication of Congressional intent . . . ." *Rodas v. Seidlin*, 656 F.3d 610, 617 (7th Cir. 2011). "When the plain wording of the statute is clear, that is the end of the matter." *United States v. Webber*, 536 F.3d 584, 593 (7th Cir. 2008). "If judges won't defer to clear

statutory language, legislators will have difficulty imparting a stable meaning to the statutes they enact." *Krzalic v. Republic Title Co.*, 314 F.3d 875, 879-80 (7th Cir. 2002).

The plain language of the statute makes clear that the prohibition extends only to threats of action that cannot legally be taken. 15 U.S.C. § 1692e(5). Thus, the court agrees with the *Wehrheim* and *Pollard* courts and concludes that Section 1692e(5) applies to threats to take action that cannot legally be taken, but not illegal actions actually taken. Because plaintiff has only alleged actual action taken, instead of threats of action, plaintiff's Section 1692e claim must also be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, American Acceptance Company and Bowman, Heintz, Boscia & Vician's motion to dismiss (DE # 9) is **GRANTED**. There being no claims remaining against any defendants in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant Bowman, Heintz, Boscia & Vician, P.C., and defendant American Acceptance Company, and against plaintiff Heather Fick, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: March 28, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT